# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARMELA COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | )  Case No. 16-CV-555-JED-JFJ |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

**I.     Background**

Carmela Cook brings this action in her individual capacity and as personal representative of the Estate of Alice May Lindsey. According to the allegations in Ms. Cook's Complaint, Ms. Lindsey was a patient of the Okemah Indian Community Hospital, a/k/a Creek Nation Community Hospital (the Hospital) beginning in 1987. In July, 2007, Lindsey went to the Hospital for complications with her throat, including hoarseness and trouble swallowing. For over five years, the Hospital performed blood testing, thyroid sonograms, and CT scans of Lindsey's chest. Those tests continually showed a steadily enlarging lobe of the thyroid and expanding nodules on the lung. Lindsey's weight decreased between each visit to the Hospital. Despite the test results and decreasing weight, the enlarged thyroid and expanding lung nodules were not biopsied or otherwise surgically tested.

In June of 2012, Lindsey was evaluated by other medical providers (separate from the Hospital), who ordered biopsies. The biopsies showed signs consistent with metastatic thyroid cancer. On July 12, 2012, Lindsey was admitted to Saint Francis Hospital in Tulsa for exploratory neck surgery. Due to the extent of the erosion to the left side of the thyroid, the physician was

unable to remove the thyroid gland. Lindsey ultimately died of metastatic thyroid cancer on May 8, 2013.

In February, 2014, plaintiff presented a written tort claim notice to the United States Department of Health and Human Services (DHHS), which is responsible for medical care at the Hospital. The DHHS acknowledged receipt by letter dated March 27, 2014. More than six months passed without DHHS providing a final disposition of the claim. On February 12, 2015, plaintiff brought a wrongful death action under 28 U.S.C. §§ 2401(b), 2675. That case was styled *Carmela Cook and The Estate of Alice May Lindsey v. United States of America*, 15-CV-0079-CVE-FHM. After the suit was filed, plaintiff received a letter dated April 20, 2015 from DHHS, denying plaintiff's administrative claim.

In the first case, United States District Judge Claire V. Eagan set a September 7, 2015 deadline for expert identification and report. On September 9, 2015, after the deadline passed, plaintiff requested an extension of time to submit her expert identification and report, asserting that she could not afford an expert. (Doc. 25 at 2). United States Magistrate Frank H. McCarthy denied the extension request, finding that the plaintiff had not established good cause to extend the deadline. (Doc. 33). On November 24, 2015, plaintiff moved to dismiss her lawsuit without prejudice. Judge Eagan granted that motion and dismissed plaintiff's claims without prejudice on December 1, 2015. These dates are undisputed. (*See* Doc. 10 at 1-2).[1]

Plaintiff filed the instant lawsuit on August 23, 2016 and attached a certification of consultation with an expert. (Doc. 2-1). The United States moves to dismiss this case under Fed.

---

[1] The Court may also take judicial notice of the prior case file when considering a Rule 12(b)(6) motion based upon a limitations bar. *See Jiying Wei v. University of Wyoming College of Health Sch. Pharm.*, 759 F. A'ppx 735, 740 (10th Cir. 2019) (unpublished) (citing *Warnick v. Cooley*, 895 F.3d 746, 750 (10th Cir. 2018)).

R. Civ. P. 12(b)(6) based upon a time limitation in the Federal Tort Claims Act (FTCA). The FTCA provides two limitations periods for filing tort claims:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). Thus, a tort claim must be (1) presented to the federal agency within two years after the claim accrues and (2) filed in the district court within six months after the agency's mailing of a notice of final denial. *See United States v. Wong*, ___ U.S. ___, 135 S. Ct. 1625, 1629 (2015) (citing § 2401(b)).

Plaintiff presented her administrative claim to the DHHS within two years of Ms. Lindsey's death, such that the first limitation period was satisfied. It is the second statutory time period that is at issue in this case. The United States argues that this action should be dismissed because the DHHS's notice of denial of plaintiff's claim was provided on April 20, 2015, and plaintiff did not file the instant action until 16 months later on August 23, 2016 – approximately 10 months after the six-month time limitation of § 2401(b) had expired.

## II.     Dismissal Standards

"[A] defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim." *Jiying*, 759 F. A'ppx at 739 (quoting *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965)). Moreover, "it is appropriate to resolve a statute of limitations defense on a Rule 12(b)(6) motion 'when the dates given in the complaint make clear that the right sued upon has been extinguished." *Id.* (quoting *Sierra Club*, 816 F.3d at 671). A complaint is subject to dismissal for failure to state a claim "[i]f the allegations show that relief is barred by the applicable statute of limitations." *Nunn v. Relich*, 642 F. App'x 905, 906 (10th Cir. 2016) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

3

## III. Discussion

### A. Proper Service

The United States initially challenged plaintiff's service upon the United States, noting the absence of evidence that plaintiff had served the Attorney General as required by Rule 4(i). In response, plaintiff provided evidence that she properly served the United States Attorney for the Northern District of Oklahoma and the Attorney General of the United States. In its Reply Brief, the United States acknowledges that service was completed. Accordingly, the Court deems the government's service argument to have been withdrawn.

### B. FTCA Time Limitations

The United States is immune from suit unless it consents to be sued by waiver of its sovereign immunity. The FTCA provides a limited waiver of the federal government's sovereign immunity and allows civil tort claims against the United States. The statute provides that a claim "shall be forever barred unless . . . [the] action is begun within six months after the date of mailing . . . of final denial of the claim by the agency to which it was presented." *Pipkin v. U.S. Postal Serv.*, 951 F.2d 272, 274–75 (10th Cir. 1991) (quoting 28 US.C. § 2401(b)). Plaintiff filed the instant action 16 months after she received DHHS's denial of her administrative claim, and therefore her claim is permanently barred by the time limitation provision of the FTCA. 28 U.S.C. § 2401(b).

Plaintiff argues that the Oklahoma Savings Statute rendered her filing of this suit timely because the statute permits a refiling of a claim within one year after the "plaintiff fail[ed] in such action otherwise than upon the merits." (Doc. 10 at 5-6) (citing *Okla. Stat.* tit. 12, § 100). However, the Tenth Circuit has repeatedly held that, although state law determines whether there is substantive liability under the FTCA, federal law defines the applicable limitations

period. *Franklin Sav. Corp. v. United States*, 385 F.3d 1279, 1286 (10th Cir. 2004). A court "looks to state law to define a time limitation applicable to a federal claim *only when* 'Congress has failed to provide a statute of limitation for a federal cause of action.'" *Pipkin*, 951 F.2d at 274-275 (quoting *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350 (1991)) (emphasis added).

Congress has expressly mandated the limitation period for a tort claim brought against the United States in § 2401(b), and "[w]hen Congress has provided a federal statute of limitation for a federal claim . . . state tolling and saving provisions are not applicable." *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991). The "dismissal of an earlier suit . . . without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations." *Franklin,* 385 F.3d at 1288 (quoting *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982)).

The Tenth Circuit has specifically held that the Oklahoma savings statute does *not* apply to the FTCA limitations period. *See Pipkin*, 951 F.2d at 275 ("We hold that the Oklahoma saving provision is not applicable to the FTCA limitations period. Because Mr. Pipkin failed to commence his FTCA claims in a timely manner, the district court's order dismissing these claims was not erroneous."); *see also Wright v. United States*, 46 F.3d 1153 (10th Cir. 1995); *Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994). Plaintiff's claim is plainly time-barred under the FTCA, because her suit was initiated months after the statutory time to file had expired. 28 U.S.C. 2401(b).

In an effort to salvage her claim, the plaintiff alternatively argues in her response that the Court should equitably toll the FTCA limitations period. (Doc. 10 at 6-7). "Equitable tolling is granted sparingly." *Chance v. Zinke*, 898 F.3d 1025, 1034 (10th Cir. 2018) (quoting *Impact*

5

*Energy Res., LLC v. Salazar*, 693 F.3d 1239, 1246 (10th Cir. 2012)); *see also Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002). Whether to grant equitable tolling is a discretionary matter for the district court. *Chance*, 898 F.3d at 1034.

According to "long-settled equitable-tolling principles[,] '[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) *that he has been pursuing his rights diligently*, and (2) that some extraordinary circumstances stood in his way." *Id.* (citation omitted) (italics in original). Such extraordinary circumstances include "when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and likewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights." *Impact Energy Res., LLC*, 693 F.3d at 1246 (quoting *United States v. Clymore*, 245 F.3d 1195, 1199 (10th Cir. 2001)). The Supreme Court has clarified that "the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wisconsin v. United States*, __ U.S. __, 136 S. Ct. 750, 756 (2016) (emphasis in original).

Plaintiff's allegations do not plausibly identify any justification for equitable tolling. She does not contend that the United States actively deceived her, lulled her into inaction, or prevented her from asserting her rights. Instead, she asserts that she had difficulty obtaining an expert because of "financial constraints," and, when her counsel did obtain an expert, he did not complete a report for several months after the statute of limitations had expired. (*See* Doc. 10 at 7). She has not cited any authority that would indicate such a circumstance would support equitable tolling. (*See id.*). Courts have rejected similar arguments for equitable tolling. *See Borgos-Taboas v. HIMA San Pablo Hosp. Bayamon*, 832 F. Supp. 2d 121, (D.P.R. 2011) (delay in receiving expert report did not support equitable tolling); *Farr v. United States*, No. 3:18-cv-02061-CMC, 2019

WL 911603, * (D.S.C. Feb. 25, 2019) (unpublished) (difficulty obtaining expert affidavit did not support equitable tolling); *see also generally Rojas-Marceleno v. Kansas*, 765 F. App'x 428 (10th Cir. 2019) (unpublished) (lack of money, inability to obtain information, and inability to afford an attorney were not extraordinary circumstances meriting equitable tolling).

Plaintiff's allegations do not meet either prong of the equitable tolling test, as they do not plausibly suggest that she was diligent in pursuing her rights or that there were any extraordinary circumstances beyond her control. *See Menominee Indian Tribe*, 136 S. Ct. at 756.[2] Plaintiff's asserted justification for failing to timely file the current action is the type of "difficult[y] . . . faced by many plaintiffs who nonetheless manage to file suit in a timely manner" and is "precisely the type of 'garden variety claim of excusable neglect' that the Supreme Court has deemed unworthy of meriting equitable tolling." *Montoya*, 296 F.3d at 958. Dismissal is accordingly appropriate. *See Chance*, 898 F.3d at 1034-35.

## IV. Conclusion

For the foregoing reasons, the defendant's motion to dismiss (Doc. 7) is **granted**. A separate judgment of dismissal will be entered.

SO ORDERED this 27th day of September, 2019.

*[signature]*
JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] As noted, in plaintiff's original case, the court denied her request for additional time to complete expert disclosures, because she failed to establish good cause or to explain how additional time would allow her to obtain an expert report. (Doc. 33, 15-CV-0079-CVE-FHM).